# Forman, *et al. v.* Hair, *et al.*

*Bill to Enjoin the Issuance of Bonds and the Sale of the Same.*

(Decided May 6th, 1907. 43 So. Rep. 827.)

1. *Statutes; Local Acts; Notice of Intention to Pass; Constitutionality.*—The Act approved Sept. 26th, 1903 (Local Acts 1903, p. 609) is not violative of Section 106, as for failure to give notice of the intention to apply for its passage, since the act was passed after an election had been held under the terms of the Act of Feb. 4th, 1903 (Local Acts, 1903, p. 9) authorizing the

thing contemplated by said act to be done, at which a majority of the voters had expressed themselves favorably to the same, and in a sense requested it.

2. *Same; Existence of General Law.*—For the reason that the election was held prior to the passage of the General Act authorizing counties to issue bonds for the improvement of the roads, (Gen. Acts 1903, p. 90) and the county had voted favorably upon the same under a local act authorizing such a vote (Local Acts 1903, p. 9), the act of Sept. 26th, 1903, (Local Acts, 1903, p. 609) was not violate of Section 105 Constitution 1901, the general act not providing for such a case.

APPEAL from St. Clair Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by S. J. Hair and others against W. S. Foreman and others to enjoin the issuance and sale of certain bonds and securities for road improvement, issued under the authority of an election and local act.

From a judgment granting the injunction and declaring the act unconstitutional, this appeal is prosecuted.   Reversed and rendered.

INZER & MONTGOMERY, and JAS. T. GREENE, for appellants.—The exception found in section 104, Constitution 1901, covers the defects, if any exists in the local law here attacked. In fact the local act under which the bonds are issued falls squarely within the exception of that section.—60 Ala. 278; *Hanna v. Tunstall,* 145 Ala. 477.

VAUGHAN & DAVIDSON, and SMITH & SMITH, for appellees.—The recent case of *City of Montgomery v. Reese,* 149 Ala. 188, is conclusive of the contention of appellees that the local statute is void because of the fact that the case is provided for by general act or law.

HARALSON, J.—Section 104 of the Constitution of 1901, provides:

"The Legislature shall not pass a special, private or local law in any of the following cases:   *   *   *

"(17) Authorizing any county, city, town, village, district or other political subdivision of a county, to

issue bonds or other securities unless the issuance of said bonds or other securities shall have been authorized before the enactment of such local or special law, by a vote of the duly qualified electors of such county, township, city, town, village, district or other political subdivision of a county, at an election held for such purpose, in the manner that may be prescribed by law. * * *

"The Legislature shall pass general laws for the cases enumerated in this section, provided that nothing in this section or article shall affect the right of the Legislature to enact local laws, regulating or prohibiting the liquor traffic, but no such local law shall be enacted unless notice shall have been given as required in section 106 of the Constitution."

This section is followed by section 105, as follows:

"105. No special, private or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the Legislatuer, shall judge as to whether the subject-matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the Legislature indirectly enact such special, private or local law by the partial repeal of general law."

"Sec. 106. No special, private or local law shall be passed on any subject not enumerated in section 104 of the Constitution, except in reference to fixing the time of holding courts, unless notice of the intention to apply therefor shall have been published," etc.

In the early part of the session of 1903, and before any general law had been enacted on the subject, the Legislature passed an act, approved February 4, 1903, entitled "An act to authorize and provide for the holding of an election in St. Clair county, Alabama, to be held on Monday, February 23, 1903, in the several precincts of St. Clair county, Alabama, for the purpose of giving the qualified electors in said county an opportunity to vote for or against the issuance of bonds or other securities by said St. Clair county, Alabama, for

[Forman, et al. v. Hair, et al.]

the purpose of building, constructing and improving the public roads of the county."—Loc. Acts 1903, p. 9.

Notice was given of the intention to apply for the passage of this act, by publication, and proof of the publication was exhibited to each house of the Legislature, as required by section 106 of the Constitution, and so far as appears from any point raised in this case, the act was passed in conformity with all the requirements of the Constitution, and was a legal and valid act. Under its provisions an election was held in St. Clair county, on the 23d day of February, 1903, at which election a majority of the qualified voters voted "for the issue of bonds or other securities."

On February 26, 1903, an act of the Legislature was approved, entitled "An act to authorie boards of revenue and courts of county commissioners of the several counties in the state to cause elections to be held in their respective counties, to authorize the issue of bonds," etc.—Gen. Laws 1903, p. 90. This act was a general law upon the subject of the issue of bonds by counties for the improvement of public roads and other county purposes, and provides for elections to be held "for the purpose, by the qualified electors of such counties voting upon and deciding the question as to whether or not the bonds of the county shall be issued," etc. It also provides for the issue and sale of any such bonds.

In the latter part of the same session of the Legislature an act was passed and approved on September 26, 1903, entitled "An act to authorize St. Clair county to issue bonds of said county for the purpose of raising funds with which to build, macadam, or otherwise permanently improve the public roads of said county, and to provide the manner of carrying on such work."—Loc. Acts, p. 609.

The bill in this case sets up, that under the provisions of this act, the road commissioners had prepared, and were having printed or engraved, the $85,-000 of bonds provided for by the act of September 26, 1903, and were making preparation for the issuance and sale of the bonds.

[Forman, et al. v. Hair, et al.]

The constitutionality of said act, approved September 26, 1903, is assailed on two grounds:

1.   Because notice of the intention to apply therefor had not been published, and proof exhibited and spread upon the journals of each house, as required by section 106 of the Constitution.

2.   Because at the time of the passage of said act, the "case" was provided for by the general law approved February 26, 1903.

It is conceded, that at the time the act was passed, the issue of bonds and securities for the purpose enumerated in it had been authorized by a vote of the qualified electors of St. Clair county, at the election held on the 23d day of February, 1903.

On the first proposition it is contended that the local act authorizing the issue of bonds, approved September 26, 1903, was not on any subject enumerated in section 104, and that it, therefore, came within the provisions of section 106 of the Constitution, requiring notice to be given by publication, and prooof thereof exhibited to each house, and spread upon the journals. The first objection is not well taken, since the notice required by section 106 was given.

The framers of the Constitution evidently realized that there could be no reason for the giving of the notice about a subject upon which the voters of the county had already expressed themselves, and the majority of whom had, in a sense, requested that such a law should be passed. The act is, therefore, not void on account of the failure to comply with section 106 of the Constitution.

Section 105 of the Constitution is very broad and sweeping in its terms. Its purpose is manifest, and the Legislature is positively forbidden and prohibited from enacting any special, private or local law, except a law fixing the time of holding courts, and regulating or prohibiting the liquor traffic, in any case which is provided for by a general law, or when the relief sought could be given by any court of this state.

Prior to the adoption of the present Constitution this court held (60 Ala. 271) that it was the province of the

38  R

[Hunter v. L. & N. R. R. Co.]

Legislature to determine whether or not the "cause" was provided for by a general law, or the relief sought could be given by any court. But this section (105) provides that the courts, and not the Legislature, shall judge as to whether the matter of said law is provided by a general law. If, therefore, the issue of the bonds by St. Clair county was provided for by the general law, approved February 26, 1903, the Legislature was forbidden to pass the act approved September 26, 1903, and the courts, and not the Legislature, are to determine that question.

But this is not a case provided for by the general law of February 26, 1903, for the reason that the election was held prior to its enactment.

It was, therefore, entirely competent for the Legislature to authorize the issuance of the bonds by a local or special act.

The decree of the chancellor enjoining the issue of the bonds is reversed, and a decree will be here rendered dissolving the injunctions, and dismissing the bill.

Reversed and rendered.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.