# City Bank & Trust Co. *v.* The State, *ex rel.* Langan.

### *Mandamus.*

(Decided May 11, 1911.   55 South. 511.)

1. *Statutes; Local and Special Laws; Validity.*—If a local or special or private law contemplates proceedings or actions which might have been in substance, and not in detail merely, taken or had under a general law in force, then such special, local or private law is violative of sec. 105, Constitution 1901, and invalid, otherwise not.

2. *Same.*—Local Laws 1907, p. 309, is a local or special law in violation of section 105, Constitution 1901, since the refunding of the bonds of the city of Mobile could have been accomplished under the provisions of General Acts 1903, p. 71.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Petition by David D. Langan against the City Bank & Trust Company for a peremptory writ of mandamus to compel such depository to pay petitioner $500, the semiannual installment of his salary as city tax collector. From an order granting the petition, respondent appeals. Reversed and rendered.

The case made by the petition is: That the relator has been tax collector of the city of Mobile since March 5, 1906, and is and was such tax collector at the time of filing the petition, and as such has performed all the duties enjoined upon him by Acts 1880-81, pp. 329-360, and Loc. Acts 1907, pp. 309-318. That by resolution of the general city council of Mobile, the City Bank & Trust Company, a corporation of Mobile, Ala., was designated as the depository of the moneys derived from the sale of the said refunding bonds issued April 1, 1908, and of the special tax levied for the payment of the interest thereon; and petitioner has constantly heretofore deposited all of such money with said depository, which has been said depository since July, 1908, and is still such depository. That by the terms of section 14 of the said act of March 4, 1907, petitioner is entitled to receive an annual salary of $1,000, to be paid semiannually in equal installments by the depository having in charge the refunding interest account. Petitioner thereby became entitled on April 1, 1911, to receive from said depository $500 on account of his said salary, being the proportionate amount due for the last six months preceding April 1, 1911—that is, the months of October, 1910, to March, 1911, inclusive; and peti-

[City Bank & Trust Co. v. The State, ex rel. Langan.]

tioner has demanded the same from said depository, which has refused and failed to pay the same, on the ground that said act of March 4, 1907, is unconstitutional and void. It is then alleged that at the time of the demand, and ever since that time, the depository has had on hand funds deposited with it by petitioner, an amount greatly in excess of the amount necessary to pay the next installment of interest on said bonds, and petitioner's salary and interest chargeable and expenses fixed by law upon said fund. It was then alleged that petitioner was advised that he has no other adequate remedy at law, except the extraordinary writ of mandamus.

The summary of the local law as appears in the brief for appellee is as follows:

"Section 1. Authority to the city of Mobile to issue $2,000,000 of bonds, providing for a trustee to receive the bonds from the city, to certify them, deliver them to the purchasers, and upon a certain contingency to institute legal proceedings in behalf of the holders of the bonds.

"Sec. 2. Advertisement for bids, expense and payment therefor, and, in event of default, the forfeiture of good faith deposit.

"Sec. 3. A depository of the proceeds of the sale of the bonds. The delivery to the city of all money and assets in the hands of the officers acting under the act of February 4, 1881.

"Sec. 4. Depository's reports. Withdrawal of balances.

"Sec. 5. Lien on city wharves, the net revenues of which are to be held for the bond account.

"Sec. 6. The form of book of assessment of special taxes, of bills therefor, and the collection thereof.

'Sec. 7. The authority of the city and its duty to levy

each year a special tax at such rate as would be sufficient to insure the payment of interest upon the bonds.

"Sec. 8.    The city tax collector to collect the special tax, his reports, and bond.

"Sec. 9.    The city tax collector to keep his collections under this act entirely separate and apart from all other moneys collected for the city, to daily deposit the same in the city depository, and daily report the same to the city clerk.

"Sec. 10.    Depository to be selected by the city council triennially.    Deposits awarded to the highest and best bidder.

"Sec. 11.    Depository to receipt for deposits, report to the general council, keep the deposits solely for the purposes provided by this act, provide for the semiannual payment of interest, cancel coupons, and turn the same over, and turn over tax collector's receipt for his salary.

"Sec. 12.    City of Mobile subrogated to the rights of the bondholders and trustee under the act of February 24, 1881.    Tax levy on January, 1907, ratified.    Administration of the trust in chancery to be wound up.

"Sec. 13.    City of Mobile authorized to settle delinquent taxes.

"Sec. 14.    Cost and expense of executing the act to be paid out of the general revenues of the city.    Tax collector to receive an annual salary of $1,000, to be paid semiannually, in equal installments, by the depository having in charge the refunding interest account.

"Sec. 15.    Repeal."

The respondent filed demurrers raising the questions decided.

B. Boykin Boone, for appellant.    The substantial same relief accomplished by the local law sought here

to be enforced could have, and would have been accomplished under the provisions of General Acts 1903, p. 72; and hence, a local law here sought to be enforced was violative of section 105, Constitution 1901.—*Ex parte City of Mobile,* 155 Ala. 228; *City of Ensley v. Simpson,* 166 Ala. 377; *City of Montgomery v. Reese,* 149 Ala. 188; *Forman v. Hare,* 150 Ala. 589; *Norwood v. Goldsmith,* 53 South. 84; *Brandon v. Askew,* in MSS.

SULLIVAN & STALLWORTH, for appellee. While it is true that if a general law substantially covers the same matter as does the special law, the special law must fail, it is equally true that the local law shall stand unless the general law has fully provided the case designated to be covered by the local law.—See authorities cited by appellant. A mere comparison of the local law with the general statute will indicate a broad field of operation for the local statute separate and apart from the provisions of the general acts, and it should be sustained.—*Flowers v. The State,* 53 South. 276; *Brandon v. Askew,* in MSS. Counsel set out the local and general statutes on the subject, the local statute being set out in the statement of facts.

McCLELLAN, J.—In application of a pertinent phase of section 105 of the Constitution of 1901 it has been accepted here that a test of the exemption of a *local,* private, or special law from the condemnation of the section, because provision has already been made therefor by a *general law,* is whether the proceeding or action contemplated by the local, private, or special law might have been, in substance and not in respect of detail merely, taken or had under the general law. If so, the local, private, or special act violates the section (105) and is void.—*Brandon v. Askew, infra,* 54 South. 605; *City of Montgomery v. Reese,* 149 Ala. 188,

43 South. 116; *Forman v. Hair,* 150 Ala. 589, 43 South. 827; *City of Ensley v. Simpson,* 166 Ala. 366, 52 South. 61; *Norwood v. Goldsmith,* 168 Ala. 224, 53 South. 84. In *City of Montgomery v. Reese, supra,* touching this section, it is said: "It is of no consequence that the special or local act contains matter germane to the subject expressed in its title, "to authorize the city council of Montgomery to refund the bonded indebtedness of said city," etc., which are not in the general law; for, obviously, if the insertion of such matters in a special, local, or private law would obviate the constitutional prohibition, then the prohibition could be easily circumvented and practically rendered nugatory. It is not perceivable that the framers of the Constitution intended the prohibition to operate only against special, local, or private laws which are in ipsis verbis of the general law." In *Forman v. Hair, supra,* it is said: "Section 105 of the Constitution is very broad and sweeping in its terms. Its purpose is manifest, and the Legislature is positively forbidden and prohibited from enacting any special, private, or local law, except a law fixing the time of holding courts, and regulating or prohibiting the liquor traffic, in any case which is provided for by a general law, or when the relief sought could be given by any court of this state." It was also noted, in that case, that by express provision of section 105 the determination of inquiries whether the matter of the local, private, or special law was "provided for by a general law," and whether the relief sought could be "given by any court," was committed to the courts, and not left with the Legislature.

The soundness of the doctrine of *City of Montgomery v. Reese* has not been questioned or departed from. It is obvious, from the unequivocal terms of section 105, that the enactment of local, private, and special laws is

prohibited in all cases not expressly excepted in that section (105) where the matter is provided for by general law, or where any court can give the relief the local, private, or special law would afford. In concrete cases the inquiry open must be, not what the section (105) prohibits, but whether the enactment assailed falls within either of the categories created by the section. As appears from the quotation from the *Reese Case, supra*, the application of the section is not to be determined by the fact that the enactment assailed is not ipsis verbis of the general law, nor by the fact that matter germane to the *general law* is contained in the enactment assailed. In short, the test is, as before stated, whether the subject-matter of the general law and of the local, private, or special law is the same.— Authorities, supra. In *Mobile v. Watson*, 116 U. S. 289, 6 Sup. Ct. 398, 29 L. El. 620, it was established that the abolition of the municipality under the corporate name of "the Mayor, Aldermen, anl Common Council of the City of Mobile," anl the creation of the municipality under the corporate name of the "Port of Mobile," in the same, in part, territory theretofore comprising the elder municipality, the junior corporate entity was the successor in law of the elder and was liable for its debts. The like ruling was previously made in *Amy v. Selma*, 77 Ala. 103. Accordingly, the present corporate entity, called the "City of Mobile," was and is, in law, the debtor by succession to the "Port of Mobile." Such was the view taken in *Ex parte City of Mobile*, 155 Ala. 226, 46 South. 766.

The act approved February 26, 1903 (General Acts 1903, pp. 71, 72), a general law, was well foreshadowed in its ample title, viz., "An act to provide for the settlement, adjustment and refunding of the bonded indebtedness of municipal corporations." In section 2 of the

act provision was made for the renewal, in the opera-
tion, of a lien, mortgage, or deed of trust on property to
secure the payment of refunding bonds. (This act was
amended by the act approved August 6, 1907 [General
Acts 1907, pp. 532-534].) The provisions in the body
of the local act, applicable to the city of Mobile alone,
approved March 4, 1907 (Local Acts 1907, pp. 309-318),
were prophesied generally, in the title thereto, as fol-
lows: "An act to provide for the payment of the out-
standing indebtedness of the late municipal corpora-
tion known as the Mayor, Aldermen and Common
Council of the City of Mobile, evidenced by bonds of said
corporation, bearing date January 1, 1881, to authorize
the city of Mobile to issue bonds for that purpose, to
create a lien upn the wharf property and water front
rights and privileges of the city of Mobile, to secure
the payment of said bonds at maturity, and to regulate
the application of the net revenues derived therefrom
to aid the payment of interest on bonds issued under this
act, to authorize the city of Mobile to levy a special tax
to fully pay the interest on said bonds, and to provide
for the winding up of the trust created by the act of
February 24, 1881." The contents of the local act are,
we think, correctly summarized in brief for appellee.
The reporter will set it out.

The local act mentioned is assailed as constitution-
ally invalid, under section 105, because the subject-
matter was, at the time of its approval, already pro-
vided for by the general law approved February 26,
1903. Under the doctrine of the *Reese Case,* and of its
successors noted, and in the light of the rulings in *Mo-
bile v. Watson and in Amy v. Selma, supra,* we see no
escape from the conclusion that the objection is well
taken, and that the local act assailed is, for that rea-
son, void. The subject-matter of each act, the general

[Ex parte Shepherd.]

and the local, is substantially the same; the latter being more ample in legislatively fixed detail of accomplishment of the purpose common to both acts. In consequence, the judgment appealed from must be reversed; and one will be here entered denying the writ to the depository and dismissing the petition.

Reversed and rendered.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.