(92 South. 404)

## HOME GUANO CO. v. AKIN. (4 Div. 987.)

(Supreme Court of Alabama. April 27, 1922.)

1. Attachment ⬤═312—Value of each article levied upon to be assessed separately on claim by third party.

When property levied on is found by the court to be liable to the satisfaction of the writ, the value, so far as practicable, must be assessed of each article separately at the time of the interposition of a claim by a third party, under Code 1907, § 6041.

2. Attachment ⬤═312—Not necessary to assess value of property in possession of claimant.

Where property is levied upon under a writ of attachment, and the court finds that only one bale of cotton levied upon is liable to the satisfaction of the writ and assesses its value, there is a full compliance with Code 1907, § 6041, where a third party claimant has possession of the balance of the property under his bond.

3. Attachment ⬤═312—Not necessary to ascertain amount of mortgage and lien of third party to whom title to the property has passed.

Where property levied upon under writ of attachment was found to have passed by purchase to one claiming under a mortgage or lien, except as to one item of the property, no necessity existed for, and the court properly did not ascertain and state in the judgment the former amount of the mortgage and lien debts on the property; the property not being liable to the satisfaction of the writ under Code 1907, §§ 6040, 6041, 6043.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error ⬅═➤1008(1)—Court's conclusion on facts has weight of verdict.**

Where all of the witnesses were examined in open court and before the' trial judge, the court's conclusion from the evidence as to the facts has the weight of the verdict of a jury, and will not be disturbed unless clearly wrong.

**5. Attachment ⬅═➤308(4)—Evidence held sufficient to sustain finding of title in claimant.**

In a trial of right of property growing out of levy of writ of attachment, a finding by the court that title to certain part of property levied upon was in claimant as absolute owner, and not merely as mortgagee, *held* sustained by evidence, under Code 1907, §§ 6041, 6043.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Attachment by the Home Guano Company, levied upon the property alleged to belong to G. C. Akin and claimed by W. M. Akin. From a judgment for plaintiff for part of the property and judgment for the claimant as to other, the plaintiff appeals. Transferred from' Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

W. O. Mulkey, of Geneva, for appellant.

On the questions of presumption, burden of proof, and necessary averments in upholding a conveyance by an insolvent to a near relative, see the following cases: 149 Ala. 116, 43 South. 31; 125 Ala. 372, 28 South. 30; 111 Ala. 221, 20 South. 445; 119 Ala. 623, 24 South. 567; 123 Ala. 623, 26 South. 199. Counsel discuss the evidence, with the insistence that the court reached a wrong conclusion, but he cites no authority in support thereof.

E. C. Boswell, of Geneva, for appellee.

The plaintiff had the burden of showing that the property levied on was the property of the defendant. Section 6040, Code 1907; 110 Ala. 232, 20 South. 89. Under the evidence, the plaintiff utterly failed to carry the burden, while the claimant fully carried his burden. 146 Ala. 685. The court heard the evidence, and it was oral, and its judgment will not be lightly set aside. 196 Ala. 403, 72 South. 52; 196 Ala: 423, 72 South. 54; 86 South. 646.

MILLER, J. The Home Guano Company, a corporation, sued out a writ of attachment on January 26, 1921, against the estate of G. C. Akin to collect a debt of over $1,000 due by him. The writ was levied by the sheriff on 11 bales of cotton, corn, cotton seed, peanuts, two cultivator plows, cotton planters, hogs, and a Ford car as property of the defendant on January 27, 1921. On January 31, 1921, W. M. Akin by his attorney made an affidavit claiming all of the property, and gave bond therefor as the stat-ute directs, and the property was delivered to him.

This is a trial of right of property suit growing out of the levy of the writ of attachment. The Home Guano Company is plaintiff, G. C. Akin is defendant, and W. M. Akin is claimant. The cause was tried by the court without a jury. There was judgment for the plaintiff for one bale of cotton. It was valued at $75.88, and was held liable to the satisfaction of the writ of attachment, and was condemned for its satisfaction. The court held under the evidence that the claimant 'was a purchaser of the balance of the property levied on and held claimant was entitled thereto. Claimant was taxed with the cost for which execution may issue. From this judgment the plaintiff appeals, and this judgment is assigned as error.

[1, 2] When the property levied on is found by the court to be liable to the satisfaction 'of the writ, the value, as far as practicable, must be assessed of each article separately at the time of the interposition of the claim. Section 6041, Code 1907. The court found one bale of cotton levied on liable to the satisfaction of the writ of attachment, and assessed its value at $75.88. This is in full accord with the statute. Section 6041, Code 1907. The claimant under his bond has possession of the balance of the property found in his favor, and no necessity exists for assessing its, value—each article separately.

When the claim interposed is based on a mortgage or lien, the claimant must state in his affidavit the nature of the right which he claims. Section 6043, Code 1907. In this affidavit the claimant states he claims the property belongs to him by mortgages to the Bank of Hartford, transferred to him by landlord's lien for rent and advances and by purchase.

[3] The court under the issue and evidence decided the claimant was the owner prior to the levy of all of the property attached, except one bale of cotton, by bona fide purchase from the defendant, and rendered judgment accordingly. Under this finding of facts, there was no necessity to value separately that property found to belong to claimant, and there was no necessity to ascertain the amount of the mortgage debt or the amount of the landlord lien debt, as the court held these lien debts on the property ripened into complete title to the property in claimant by purchase from the defendant of the property by the claimant prior to the levy, and prior to the issuance of the writ of attachment. If the testimony warranted that finding of facts by the court, then plaintiff could not pay the mortgage debt and the lien debt under the statute. Section 6043. After the purchase of the property by claimant from

the defendant there was no mortgage or lien debt on it. No necessity existed for, and the court properly did not ascertain and state in the judgment the former amount of the mortgage and lien debts on the property. If the court's finding is correct, the claimant owned the property by purchase prior to the levy of the writ; and the property belonged to claimant, and not to defendant, and was not liable to the satisfaction of the writ. Sections 6040, 6041, and 6043, Code 1907.

Was this conclusion of the court correct as to the facts from the evidence? The Bank of Hartford held three mortgages on the property of defendant given it by him in March, June, and July, 1920, respectively. These mortgages and the debts secured by them were transferred by the bank to claimant on December 17, 1920; and they are copied in the record. These mortgage debts aggregated $1,000 or more, and the mortgages were all duly recorded soon after they were executed. The defendant rented land from W. O. Daughtry for 1920 for $228, evidenced by a rent note which was transferred to claimant on November 12, 1920. The defendant rented land in 1919 and 1920 from the claimant. His rent due claimant in 1920 was, under the evidence, $640. Defendant cultivated and raised crops in 1920 on the land of Daughtry and the land of claimant. There was evidence tending to show that the defendant in December, 1920, owed the claimant $3,432.15. This included the rent of Daughtry, the bank mortgage debt, rent of 1920 of claimant, balance due claimant for 1919, $300, and for advances in money made by claimant to defendant during the year 1920 to make the crop and to buy the automobile.

It is true that the claimant is the father of the defendant. There is evidence that the son, the defendant, sold and delivered to his father, the claimant, all of the property attached except one bale of cotton one or two months prior to the levy of the attachment. It was in part payment of the mortgage and lien debts on the property owned and held by claimant. The property was credited on these debts. The total amount of the credits on the property is not greatly disproportionate to the total value of the property. The value of the property was from the evidence practically the same as the amount of the credits allowed for it on the debts. There is evidence that defendant still owes claimant about $1,200 balance. The testimony of the son and father as to these mortgage and landlord lien debts and the amount of them and the sale of the property by defendant to claimant in part payment of the debts is corroborated in many material respects by other witnesses and by documentary evidence. Jesse Childs furnished the defendant guano

and supplies to the amount of $1,480 in 1920, took a note and mortgage for it, and transferred it to the plaintiff in June, 1920. This mortgage is not copied in the record. It was not introduced in evidence.

[4, 5] This case was tried by the court without a jury. All of the witnesses were examined in open court before the trial judge. He saw them, and heard them testify. The questions involved are questions of fact to be decided from the evidence. The court's conclusion from the evidence as to the facts has the weight of the verdict of a jury. Unless clearly wrong, it should not be disturbed. There is ample evidence to sustain his conclusion. Hackett v. Cash, 196 Ala. 403, 72 South. 52; Thompson v. Collier, 170 Ala. 469, 54 South. 493. His conclusion is sustained by the weight of evidence. His judgment thereon is according to the statutes, and it should and will not be disturbed. Sections 6041, 6043, Code 1907.

Finding no error in the record, the case is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.