(118 So. 237)

## COMMISSIONERS' COURT OF WINSTON COUNTY v. HANEY. (6 Div. 444.)

Court of Appeals of Alabama.   June 20, 1928.

Rehearing Denied Aug. 7, 1928.

O. D. Street & Son, of Birmingham, for appellant.

Arthur Fite, of Jasper, for appellee.

PER CURIAM. In 1927 the Legislature of Alabama passed a local act for Winston county, creating the office of deputy sheriff for the Haleyville division of the circuit court of that county. The act is found on page 69 of the Local Acts of 1927. Some years previous there had been a local act for Winston county creating a Haleyville division of the circuit court of that county, composed of a certain portion of the county next to Haleyville, and providing for the holding of circuit court in the Haleyville division, so created.

Subsequent to the passage of the Local Act of 1927, creating an office of deputy sheriff for the Haleyville division, and prior to the 1st day of October, 1927, John W. Haney, appellee, had been duly appointed and commissioned as such officer, and he commenced to serve as such on the 1st day of October, 1927, and served up until the filing of the petition in this case on February 15, 1928. Pursuant to the act creating the office of deputy sheriff for the Haleyville division, the sheriff filed with the commissioners' court of Winston county a statement showing the name of appellee as the deputy appointed and serving for the Haleyville division, and showing the amount of $100 per month due to be paid to him as such out of the general funds of Winston county. The commissioners' court declined to follow the requirement of section 2 of the act, viz.:

"It shall be the duty of said court to order a warrant drawn upon the general funds of the county for the amount of the month's salary."

On February 15, 1928, John W. Haney, being the person appointed to the newly created office of deputy sheriff for the Haleyville division, filed his petition in the circuit court, setting up the facts and praying for a writ of mandamus requiring the commissioners' court, and the members thereof, as such, to order the warrants drawn as required by the act. Copy of the act, for convenience, was attached to the petition as Exhibit A. Also copy of one of the statements filed by the sheriff, showing petitioner's name and the amount due him by the county, is attached to the petition as Exhibit B; and the petition alleges that the other statements filed by the sheriff were in like form.

The defendants to the petition filed an answer admitting the averments of fact set out in the petition, and a judgment was rendered on March 24, 1928, granting the relief prayed for. From that judgment respondents to the petition have appealed.

No question is raised in brief for appellants as to appellee having followed the proper course, and no question is raised by them on this appeal that if the act was valid all things were done which were necessary to entitle petitioner to the compensation required by the statute to be paid him out of the general funds of the county. The sole question presented to this court is the constitutionality of the act creating the office of deputy sheriff for the Haleyville division, and appellants' brief is properly confined to that question. The act is mandatory, and, if valid, the respondents had no discretion, but were under the express duty to order the warrants drawn in appellee's favor.

The principal criticisms of the constitutionality of the act here in question seem to be answered in the reasoning and opinion of the case of State ex rel. Day et. al. v. Bowles et al. (Ala.) 116 So. 662;[1] and upon the au-

[1] 217 Ala. 458.

thority of the decision in that case the judgment here appealed from will be and is affirmed.

Affirmed.

