(86 South. 167)

ACUFF, County Treasurer, v. WEAVER, County Judge. (7 Div. 654.)

(Court of Appeals of Alabama. June 22, 1920.)

STATUTES &#x25C0;&#x2192;76(3)—LOCAL LAW FOR SALARY OF JUDGE OF COUNTY COURT INVALID.

Loc. Acts 1919, pp. 93, 94, providing that all the fees allowed the county court of Shelby county shall be paid into the county treasury, and that there shall be paid out of the treasury to the judge of the county court an annual salary of $1,200, which shall be in lieu of all other compensation, is invalid, under Const. 1901, § 105, declaring that no special local law shall be enacted in any case which shall be provided for by general law, for Acts 1915, pp. 603, 604, provides generally for the compensation of judges of the county court. (Response of Supreme Court to certified question.)

Appeal from Circuit Court, Shelby County; E. J. Garrison, Judge.

Motion by G. W. Weaver, as Judge of the County Court of Shelby County, for summary judgment against W. L. Acuff, as County Treasurer, for failure to pay warrant drawn in his favor for salary as such County Judge. From a decree granting the writ, the Treasurer appeals. Reversed and rendered.

Acuff & Luck, of Columbiana, for appellant.

The act has the effect to repeal the general act making all clerks of circuit courts ex officio clerks of county courts, and takes away all fees. This is not expressed in the title. The true purpose of the act was not otherwise specified in the title, and therefore it violates section 45, Const. 1901. The act also violates the following provisions of the Constitution: Sections 96, subsec. 24 of 104, 105, 281 Const. 1901; 149 Ala. 188, 43

South. 116; 77 South. 233; 175 Ala. 573, 57 South. 870; 184 Ala. 283, 63 South. 985.

Longshore, Koenig & Longshore, of Columbiana, for appellee.

The act creates no new office, although a new court is erected. 177 Ala. 155, 58 South. 984; 175 Ala. 454, 57 South. 970. Under these authorities he is not a public officer, and therefore not within the constitutional provisions relied on. The act is not invalid, under section 105, Const. 1901. 74 South. 939; 172 Ala. 160, 54 South. 605.

### Certification to Supreme Court.

To the Supreme Court of Alabama:

The Court of Appeals is of the opinion that the following act must be stricken, as being violative of section 105 of the Constitution. The act in question is as follows:

"To require all the fees collected under and by virtue of sections 6655 and 6656 of the Code of Alabama, in the county court of Shelby county, Ala., to be paid into the county treasury of Shelby county, Ala., to provide a fund out of which the salary of the judge of the county court of Shelby county, Ala., shall be paid; to fix the amount of such salary, and to provide for the payment of said salary by warrants of said judge drawn on the treasury of said county, and making said warrants a preferred claim against the treasury of said county.

"Be it enacted by the Legislature of Alabama:

"1. That all the fees allowed in the county court of Shelby county, Ala., under and by virtue of sections 6655 and 6656 of the Code of Alabama, or any other provisions of law, be and the same are hereby required to be paid into the county treasury of Shelby county, Ala., as collected.

"2. That there shall be paid out of the county treasury of Shelby county, Ala., to the judge of the county court of Shelby county, Ala., an annual salary of $1,200.00, in equal monthly installments, which shall be in lieu of all fees or compensation allowed by law to such judge of said court for all services rendered in and about such court; the payment of such salary to be by warrant of said judge drawn on the treasury of said county, and such warrants shall be a preferred claim against the treasury of said county.

"3. That all laws and parts of laws in conflict with the provisions of this act be and the same are hereby repealed.

"Approved September 2, 1919."

Therefore, under and by virtue of the provisions of the statute (Acts 1911, p. 449, § 1), we desire to submit this question for the determination of the Supreme Court.

This May 24, 1920.

### Response of Supreme Court.

BROWN, J. The general act approved September 18, 1915, provides:

"1. That all the fees allowed in the county court by sections 6655 and 6656 of the Code, or any other provisions of law, be and the same are hereby required to be paid into the county treasury as collected.

"2. That there shall be paid out of the county treasury to the judge of the county court an annual salary in equal monthly installments of three hundred dollars in counties having less than twenty-five thousand population and in counties having twenty-five thousand population and less than thirty-five thousand population four hundred and fifty dollars and in counties having more than thirty-five thousand population six hundred dollars which shall be in lieu of all fees or compensation allowed by law to such county court or judge for services rendered in and about such county court; the payment of such salary to be by warrant of such judge drawn on the treasury of the county. The population to be determined by the last federal census preceding the time of the payment of fees.

"3. That this act shall become effective on Monday after the second Tuesday in January, 1917."

Acts 1915, p. 603.

The local act approved September 2, 1919, applicable to Shelby county only, provides:

"1. That all fees allowed in the county court of Shelby county, Ala., under and by virtue of sections 6655 and 6656 of the Code of Alabama, or any other provisions of law, be and the same are hereby required to be paid into the county treasury of Shelby county, Ala., as collected.

"2. That there shall be paid out of the county treasury of Shelby county, Ala., to the judge of the county court of Shelby county, Ala., an annual salary of $1,200.00 in equal monthly installments, which shall be in lieu of all fees or compensation allowed by law to such judge of said court for services rendered in and about such court; the payment of such salary to be by warrant of said judge drawn on the treasury of said county, and such warrants shall be a preferred claim against the treasury of said county.

"3. That all laws and parts of laws in conflict with the provisions of this act be and the same are hereby repealed."

Loc. Acts 1919, pp. 93, 94.

What was said in Montgomery City v. Reese, 149 Ala. 190, 43 South. 116, is applicable here:

"Section 105, art. 4, of the Constitution, provides that 'no special, private or local law except a law fixing the term for holding courts, shall be enacted in any case which is provided for by general law, * * * and the courts, and not the Legislature, shall judge as to whether the matter of said law is provided for by a general law. * * * Nor shall the legislature indirectly enact any such special, private or local law by the partial repeal of the general law.' It is apparent that the subject-matter of the two acts is substantially the same; and it is equally apparent that the inhibition contained in the section of the Constitution quoted was violated by the enactment of the special or local law."

See, also, Norwood v. Goldsmith, Treas., et al., 168 Ala. 224, 53 South. 84.

The question propounded by the Court of Appeals must therefore be given an affirmative answer. The local act is unconstitutional.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

### Opinion of Court of Appeals.

BRICKEN, P. J. The constitutionality of an alleged local act approved September 2, 1919 (Local Acts 1919, pp. 93, 94), is one of the questions presented by this appeal.

By a general act (Acts 1915, pp. 603, 604) the salary of the judge of the county courts of counties of a class that included Shelby county (between 25,000 and 35,000 population) was fixed at $450 per annum. The local act above referred to attempts to increase this amount to $1,200. So far as the judge of the Shelby County Court is concerned, this is the sole effect of this act. The salaries of the judges of such courts in all other counties of that class remain at the figure fixed by the general law.

It is apparent that the subject-matter of the two acts is substantially the same. The local act is therefore violative of section 105 of our Constitution which provides that "no * * * local law * * * shall be enacted in any case which is provided for by a general law. * * *" City of Montgomery v. Reese, 149 Ala. 190, 43 South. 116; Norwood v. Goldsmith, 168 Ala. 224, 53 South. 84.

This question being decisive of the appeal, it is unnecessary to discuss any others. The judgment of the lower court is reversed, and one will be here entered in favor of appellant, denying the motion for a summary judgment.

Reversed and rendered.