(116 So. 662)

STATE ex rel. DAY et al. v. BOWLES et al.
(8 Div. 994.)

Supreme Court of Alabama. Jan. 12, 1928.

Rehearing Denied May 10, 1928.

1. Statutes ⏤76(2)—Local law, creating court house commission to construct county court house, held not violative of constitutional prohibition against local law, where general law exists (Morgan County Court House Commission Act; Const. 1901, § 105; Code 1923, §§ 212, 213).

Morgan County Court House Commission Act (Loc. Acts 1927, p. 249), providing for construction and equipment of a court house for county, and creating court house commission therefor, held not in violation of Const. 1901, § 105, prohibiting local law in any case which is provided for by general law, on ground that matter in local law is provided for by general law in Code 1923, §§ 212, 213, conferring plenary powers on boards of revenue in erection of court houses.

2. Counties ⏤1, 105(1)—County is unit of government, invested with legislative, judicial, and executive or administrative powers conferred by legislation, including power to erect public buildings.

County is unit of government, invested with functions of local character, and also in relation to state, its revenues, and administration of its laws, which functions involve exercise of legislative, judicial, and executive or administrative powers conferred and defined by state legislation, including power to erect and equip public buildings.

3. Counties ⏤114—Commission, created by statute with power to erect court house, held invested with discretionary legislative and administrative powers (Loc. Acts 1927, p. 249).

Loc. Acts 1927, p. 249, creating commission with power to adopt plans, make contracts, arrange for financing and construction of court house, commits to such commission legislative and administrative powers discretionary in character.

4. Constitutional law ⏤70(3)—Creation of special county court house commission held matter of legislative discretion, which cannot be controlled by courts (Loc. Acts 1927, p. 249).

Creation of special court house commission by Loc. Acts 1927, p. 249, with power to contract for and erect county court house, held purely matter of legislative discretion, which cannot be controlled by courts or motives of legislators inquired into.

5. Statutes ⏤76(2)—Legislative discretion to change governing agencies of counties by local legislation held not destroyed by Constitution prohibiting local laws, where general law exists (Const. 1901, § 105).

Const. 1901, § 105, providing that no special or local law shall be enacted in any case which is provided for by general law, does not withdraw legislative discretion to prescribe or change governing agencies of counties of widely different conditions as to population, wealth, and local requirements.

6. Statutes ⏤76(1)—Consolidation or creation of new agencies by local law to do work of existing agencies held not prohibited by constitutional inhibition against local laws, where general law exists (Const. 1901, § 105).

If substantial object of local law is to abolish one agency, and vest its functions in another, to consolidate agencies, to provide additional ones to take over labors of existing agencies, or to create new one deemed better fitted to exercise functions theretofore committed to existing agency, such local act is not within inhibition of Const. 1901, § 105, prohibiting local laws, where general law exists.

7. Statutes ⏤76(1)—Constitutional provisions, creating co-ordinate departments of government, held unaffected by provision prohibiting local laws, where general law exists (Const. 1901, §§ 42, 43, 105).

Const. 1901, § 105, providing that no local law shall be enacted in any case which is provided for by general law, held not intended to strike down provisions of sections 42 and 43, defining three co-ordinate departments of government, and committing legislative, executive, and judicial power to separate body.

8. Statutes ⏤120(3)—Title to act providing for court house warranted mandatory provision, requiring erection of court house, and was not rendered misleading by reference to board of revenue having discretion as to necessity of court house (Loc. Acts 1927, p. 249; Const. 1901, § 45).

Title of Loc. Acts 1927, p. 249, "to provide for erecting, equipping and outfitting court house for Morgan county, and to establish * * * court house commission, and to pre-scribe powers and duties of said commission," fully warranted mandatory provisions of act to effect that commission "shall" erect court house, and additional provision in title investing commission with authority held by board of revenue did not render title deceptive and misleading, in that board had discretion as to necessity for building court house, and was not in violation of Const. 1901, § 45.

9. Statutes ⏤120(3)—Provisions for locating court house and protecting of public interest held germane to law providing for court house (Loc. Acts 1927, p. 249; Const. 1901, § 45).

Under Loc. Acts 1927, p. 249, entitled act to provide for erection of court house, to establish court house commission, and describe powers thereof, provisions touching on location

─────

⏤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of court house and safeguarding public interest against breach of duty of those connected with enterprise *held* germane to legislation within meaning of Const. 1901, § 45.

**10. Statutes ⟨key⟩95(1)—Constitution forbidding local legislation regulating assessment or collection of taxes aims to unify tax laws, and duties of officers thereunder are ministerial or quasi judicial (Const. 1901, § 104, subd. 15).**

Const. 1901, § 104, subd. 15, forbidding local legislation regulating either assessment or collection of taxes, aims at uniformity in system of laws providing machinery for assessment and collection of taxes, and duties of officers thereunder are ministerial or quasi judicial in character.

**11. Statutes ⟨key⟩95(3)—Code conferring on counties power to levy special tax does not make county board of revenue collector of taxes within constitution forbidding local legislation regulating tax assessment or collection; "collector of taxes" (Code 1923, § 213; Const. 1901, § 104, subd. 15).**

Code 1923, § 213, conferring on governing bodies of counties power to levy special tax within constitutional limit to pay debts incurred for public buildings, deals with legislative power to provide revenue by levy of taxes, and does not make county board of revenue a "collector of taxes" within meaning of Const. 1901, § 104, subd. 15, forbidding local legislation regulating assessment or collection of taxes.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tax Collector.]

**12. Statutes ⟨key⟩95(1)—Act conferring on court house commission power to raise funds for court house held not void as local law regulating tax collections (Loc. Acts 1927, p. 249, § 20; Code 1923, § 213; Const. 1901, § 104, subd. 15).**

Loc. Acts 1927, p. 249, § 20, providing for erection of court house, and conferring on court house commission powers theretofore vested in board of revenue under Code 1923, § 213, so far as relating to raising of funds for court house, is not in conflict with Const. 1901, § 104, subd. 15, prohibiting local legislation regulating collection of taxes.

**13. Statutes ⟨key⟩64(4)—Act providing for court house and commission is not invalidated entirely in case commission is not invested with power to levy tax for court house (Loc. Acts 1927, p. 249).**

Loc. Acts 1927, p. 249, providing for erection of court house and creation of court house commission invested with some powers held by board of revenue, is not invalidated as a whole in case commission is not vested with power to levy special tax.

**14. Statutes ⟨key⟩64(1)—Unconstitutionality of part of local law does not render entire law invalid.**

Local law is not rendered void as a whole, if any part thereof is unconstitutional.

**15. Statutes ⟨key⟩64(4)—Local act providing for court house held not invalidated as whole by invalidity of severable provisions (Loc. Acts 1927, p. 249).**

Loc. Acts 1927, p. 249, providing for erection of county court house and establishment of court house commission therefor, *held* subject to rule that invalidity of severable and subordinate provisions of act, if any, does not invalidate entire act, especially where act so provides.

Appeal from Circuit Court, Morgan County; James E. Horton, Judge.

Proceeding in the nature of quo warranto by the State, on the relation of J. L. Day and others, against Thomas A. Bowles and others. From a judgment dismissing the petition, relators appeal. Affirmed.

J. M. Kelley, of Hartselle, and A. J. Harris and E. W. Godbey, both of Decatur, for appellants.

The building of a courthouse is provided for under the general law, and the local act here involved contravenes section 105 of the Constitution. Matkin v. Marango County, 137 Ala. 155, 34 So. 171; Weeks v. Bynum, 158 Ala. 231, 48 So. 489; Polytinski v. Wilhite, 211 Ala. 94, 99 So. 843. The same general relief can be obtained under the local law as under the general law. Forman v. Hair, 150 Ala. 589, 43 So. 827; Brandon v. Askew, 172 Ala. 160, 54 So. 605; Sisk v. Cargile, 138 Ala. 172, 35 So. 114; Board of Rev. v. Kayser, 205 Ala. 289, 88 So. 19; Montgomery v. Reese, 149 Ala. 188, 43 So. 116; City Tr. Co. v. State, 172 Ala. 197, 55 So. 511; Dunn v. Dean, 196 Ala. 486, 71 So. 709. The major subject of the local and general acts is the same. Ex parte Ala. Brokerage Co., 208 Ala. 242, 94 So. 87; Norwood v. Goldsmith, 168 Ala. 224, 53 So. 84; McWhorter v. Lowndes County, 167 Ala. 370, 52 So. 750; Board of Rev. v. Farson, 197 Ala. 375, 72 So. 613; L. R. A. 1918B, 881; Dunning v. Holcombe, 203 Ala. 546, 84 So. 740; State v. Brown, 60 Ohio St. 462, 54 N. E. 526. The details, special features, and instrumentalities are no part of the relief. Montgomery v. Reese, 149 Ala. 188, 43 So. 116; Allopathic, etc., v. Fowler, 50 La. Ann. 1358, 24 So. 814; Dodd v. Comm. Court, 203 Ala. 271, 82 So. 521. The local law contravenes Constitution, § 104 (15), in conferring on the commission all the powers and authority of the board of revenue with respect to levying and collecting taxes. Little v. Huey, 137 Ala. 667, 35 So. 134; Code 1923, § 217; Talley v. Comm. Court, 175 Ala. 644, 39 So. 167. The invalidity of several sections of the local act wrecks the whole. Thomas v. State, 16 Ala. App. 145, 75 So. 823; Alford v. Hicks, 142 Ala. 355, 38 So. 752; Lehman v. State Board, 208 Ala. 185, 94 So. 94; Kyle v. Wiggins, 212 Ala. 116, 102 So. 145; Randolph v. Builders' Co., 106 Ala. 374, 17 So. 721. The inclusion in the body of

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the act of provision not foreshadowed by the title renders the act invalid. Board v. Merrill, 193 Ala. 521, 68 So. 971; Randolph v. Builders' Co., supra; Lindsay v. U. S. S. & L. Co., 120 Ala. 156, 24 So. 171, 42 L. R. A. 783.

Tennis Tidwell, of Albany, and S. A. Lynne, of Decatur, for appellees.

The Legislature has power by local legislation to create and name the personnel of a commission and to clothe it with power to build a courthouse for a particular county, if this commission is different in personnel, in the selection of the personnel and in the tenure of its personnel from the governing board or other agency which is clothed with power for this purpose under the general law. Local legislation is permissible if the accomplishment of the legislative end is different in form and manner from that provided for by the general law. Dunn v. Dean, 196 Ala. 486, 71 So. 709; State v. Prince, 199 Ala. 444, 74 So. 939; Brown v. Slaughter, 196 Ala. 428, 71 So. 416; Head v. Hood, 214 Ala. 353, 107 So. 854; Polytinski v. Wilhite, 211 Ala. 94, 99 So. 843; Brandon v. Askew, 172 Ala. 160, 54 So. 605. The powers conferred on the board of revenue by Code, §§ 213 and 217, to levy special tax, does not authorize the levy of a tax to raise funds to build the courthouse. Ex parte Best, 201 Ala. 641, 79 So. 113; State v. Street, 117 Ala. 203, 23 So. 807; 15 C. J. 635. The local act does not violate section 45 of the Constitution. Ex parte Pollard, 40 Ala. 77; Lindsay v. U. S. S. & L. Ass'n, 120 Ala. 156, 24 So. 171; 42 L. R. A. 783; Randolph v. Supply Co., 106 Ala. 501, 17 So. 721; Ballentyne v. Wickersham, 75 Ala. 533; State v. Gunter, 170 Ala. 165, 54 So. 283; State v. Teasley, 194 Ala. 574, 69 So. 723, Ann. Cas. 1918E, 347; Opinion of the Justices, 216 Ala. 136, 112 So. 317; Dodd v. Comm. Court, 203 Ala. 271, 82 So. 521; Chapman v. Ry. Fuel Co., 212 Ala. 108, 101 So. 879; Gibson v. State, 214 Ala. 38, 106 So. 231. It was permissible for the Legislature to designate the site in Decatur for the location of the courthouse. Marengo County v. Matkin, 134 Ala. 275, 32 So. 669; Matkin v. Marengo County, 137 Ala. 155, 34 So. 171; Rogers v. Wells, 216 Ala. 514, 113 So. 524. The act does not violate section 104 (15) of the Constitution. Sisk v. Cargile, 138 Ala. 172, 35 So. 114.

BOULDIN, J. The proceeding is in the nature of quo warranto, on the relation of citizens of Morgan county to oust respondents from the exercise of official prerogatives alleged to be in usurpation of powers vested by law in the board of revenue of the county.

Respondents, by answer, claim their authority under a local statute, approved August 24, 1927, known as the Morgan County Court House Commission Act. Local Acts 1927, p. 249.

Demurrers to the answer challenge the constitutionality of this act upon several grounds. Demurrers being overruled, the relators declined to plead further, and the petition was dismissed.

The assignments of error on appeal go to the rulings on demurrer. The purpose of the litigation is to test the constitutionality of the legislative act in question.

[1] The main contention of appellants is that the Court House Commission Act is violative of section 105 of the Constitution, saying:

"No special, private or local law, * * * shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the Legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court."

Stated concisely, the view of appellant is: That the "case * * * provided for" by this local law, "the matter of said law," is the construction and equipment of a court house for Morgan county; that such matter is provided for by general law conferring plenary powers on the board of revenue, in the erection of court houses (Code, § 212), with power to levy special taxes to pay the debt incurred therefor (Code, § 213).

The act in question creates a court house commission composed of five citizens of the county named in the act; empowers the commission to build and construct, on a site named in the act, a court house of such size, material, plans and specifications as the commission may determine, to make contracts, and, in general, to exercise all the powers in the premises heretofore held by the board of revenue.

[2] A county is a unit of government invested with important functions of local character, and also in relation to the state, its revenues, the administration of its laws, etc. These functions involve the exercise of legislative, judicial, and executive or administrative powers. These powers are, in the main, conferred and defined by state legislation, and to be exercised by a governing body or bodies of legislative creation.

Among the powers conferred and duties imposed by legislation is that of erecting, furnishing, and equipping necessary public buildings, including a court house, the seat of government, a place to house its records and hold the courts with office space and equipment for the transaction of public business.

[3] A statute creating a commission, a governing body, with the power and duty to adopt plans, make contracts, arrange the financing, levy taxes, and provide proper supervision for the erection of a court house, commits to such commission legislative and administrative powers, discretionary in char-

acter calling for a personnel of decided fitness.

[4] Without regard to other features of the act before us, the creation of a special court house commission, with personnel named by the Legislature, was manifestly a primary, if not a controlling, purpose in this legislation.

It does not necessarily reflect upon the capacity or character of the personnel of the board of revenue chosen for fitness to perform the wide range of duties pertaining to county affairs, and it may be, without any regard to the unusual task of providing a suitable court house. The demands of the general duties of the board of revenue may have been such that it was deemed best to withdraw the responsibility of building a court house from that board and vest it in another. In any event, the creation of a special governing body in this behalf was purely a matter of legislative discretion. The courts have no power to control legislative discretion, nor even to inquire into the motives of legislators.

This court has in numerous cases had occasion to consider the application of section 105 of the Constitution to local legislation, and in some has sought to define in general terms its scope of operation on matters not withdrawn from the field of local legislation by section 104.

[5] Sufficient to say now, it is settled, we think, by our decisions, that this section does not withdraw the legislative discretion to prescribe or change the governing agencies of counties by local legislation suited to the varied needs of counties of widely different conditions as to population, wealth and local requirements.

[6] Such legislation need not be based upon enlargement or curtailment of governmental functions. General laws may already meet all the demands in that regard, and agencies may be provided by general law; yet, if a substantial object of the local law is to abolish one agency and invest its functions in another, to consolidate agencies, to provide additional ones to take over and reduce the labors of existing agencies or to create new ones deemed to be better fitted to exercise in whole or in part functions theretofore committed to an existing agency, such local act is not within the inhibition of section 105 of the Constitution.

[7] In this connection we deem it proper to say section 105 is not intended to strike down as to this class of legislation the provisions of sections 42 and 43 of the same Constitution defining the three co-ordinate departments of government, and committing the legislative, executive, and judicial power each to a separate body of magistracy. These sections are fundamental in our institutions. To say by judicial construction that the creation of a court house commission is mere matter of form or detail, not of the substantial "matter of such law," is to enter the domain of legislative discretion, to pass upon the need of such law in the particular case, a matter open to the inquiry of the Legislature as a guide to legislative discretion, and not open to the courts.

In support of the principles above announced we cite the following line of cases: Dunn v. Dean, 196 Ala. 486, 71 So. 709; State, etc., v. Prince, 199 Ala. 444, 74 So. 939; Brandon v. Askew, 172 Ala. 160, 54 So. 605; Board of Revenue v. Kayser, 205 Ala. 289, 88 So. 19; Jackson v. Sherrod, 207 Ala. 245, 92 So. 481; Riley v. State, 209 Ala. 505, 96 So. 599; Polytinsky v. Wilhite, 211 Ala. 94, 99 So. 843; Ex parte Ala. Brokerage Co., 208 Ala. 242, 94 So. 87; Forman v. Hair, 150 Ala. 589, 43 So. 827; City Bank & Trust Co. v. State, 172 Ala. 197, 55 So. 511; City Council v. Reese, 149 Ala. 188, 43 So. 116.

Other provisions of the act, such as fixing the location of the court house, at the old site owned by the county, providing safeguards in the form of penalties against the architect and contractor for careless or intentional failure of duty, penalties against commissioners for having any private interest in the contract or material furnished while commissioners, or for a fixed time after severance from the commission, and providing for prompt presentation of claims growing out of the contract, and a statute of limitations as to actions on such claims, may be considered as cumulative modifications of the general law and part of the subject-matter of the local law as affected by section 105. It is unnecessary to determine whether these provisions would, within themselves, constitute a sufficient basis for a local law under that section.

[8] The title to the act "to provide for the erecting * * * equipping and outfitting of a court house for Morgan county, * * * and to establish for the consummation of such purpose a court house commission; * * * and to prescribe the powers and duties of said commission," fully warrants the mandatory provisions of the act to the effect that the commission "shall erect," etc. That the title of the act further "invests the commission with power and authority now held by the board of revenue," for the purpose stated, does not render the title deceptive and misleading, in that the board of revenue has some discretion as to the necessity for building a court house.

[9] The act cannot be condemned on such ground as in violation of section 45 of the Constitution. The subject of the act expressed in the title naturally suggests to the thoughtful legislator provisions touching its location within the limits as to place fixed by the Constitution, as well as safeguards to protect the public interest against breach of duty on the part of those connected with

the enterprise. Such provisions are incident and germane to the theme of legislation in hand, within the meaning of section 45.

[10] Subdivision 15, § 104, forbidding local legislation "regulating either the assessment or collection of taxes," aims at uniformity in the system of laws providing the machinery for the assessment and collection of taxes. The duties of officers in this regard are ministerial or quasi judicial in character.

[11] Code, § 213, conferring upon the governing bodies of the several counties the power to levy a special tax within constitutional limit to pay debts incurred for public buildings, etc., deals with the legislative power to provide revenue by the levy of taxes. True, it uses the phrase "levy and collect," but in such connection as to clearly import the legislative act of levying and ordering the collection of such taxes through the channels provided by general law for the purpose. It has never been construed as making the board of revenue a collector of taxes within the meaning of subdivision 15, § 104. Sisk v. Cargile, 138 Ala. 164, 172, 35 So. 114.

[12] Section 20 of the act in question, conferring upon the court house commission the powers theretofore vested in the board of revenue under section 213, so far as relates to the raising of funds for the court house, deals with the same legislative power, and is not in conflict with subdivision 15, § 104.

[13] We may note that, if it were held otherwise, and the power to, "levy and collect" this special tax remains with the board of revenue, that board would be required to make the levy pursuant to lawful contract to meet the indebtedness incurred in the erection of the court house. Board of Revenue v. Farson, 197 Ala. 375, 72 So. 613, L. R. A. 1918B, 881.

The argument that the entire enterprise must fail, and the entire act should be declared void in case the court house commission is not vested with the power to levy the special tax is therefore untenable.

We may note further that, if section 213 does relate in part to the "collection" of taxes within subdivision 15, § 104, a power which cannot be vested in the commission by local law, such power would remain with the board of revenue, and would not defeat the power to levy the tax which can be conferred by the local law.

[14] The argument that, if any part of a local law is unconstitutional, the whole must fail, is untenable. The case of Alford v. Hicks, 142 Ala. 355, 38 So. 752, involved a local law wherein the published notice under section 106 of the Constitution disclosed that the proposed law would be unconstitutional and void, if passed, and was sought to be amended in course of passage so as to render it constitutional. The fact that the published act was unconstitutional on its face would lull all opposition into acquiescence is the basis of the decision.

[15] Here no question is raised as to the published notice, nor of amendment while pending. By the logic of the Alford Case, this act is subject to the general, well-known rule that the invalidity of severable and subordinate provisions of the act, if any, does not invalidate the whole, especially where, as here, the act so provides.

The validity of the provision reducing the time for presentation and suit upon claims arising under the act is left an open question. It is not essential to a decision in this case.

Affirmed.

All the Justices concur.