141 So. 908

### COURT OF COUNTY COMMISSIONERS v. LIGHTNER.

### 4 Div. 611.

Supreme Court of Alabama.

May 19, 1932.

M. A. Owen, of Elba, and M. S. Carmichael, of Montgomery, for appellant.

J. C. Fleming and C. L. Rowe, both of Elba, for appellee.

## GARDNER, J.

■ These proceedings are to test the constitutional validity of the Local Act for Coffee County approved May 28. 1931 (Loc. Acts 1931, p. 79), providing an additional deputy sheriff to be located at Enterprise, Ala., and whose compensation is fixed therein and payable out of the general funds of the county. The appeal is by the commissioners' court from the judgment awarding the writ of mandamus, as prayed.

By section 6 of the Local Act of 1907 (Loc. Acts 1907, pp. 279, 283), the sheriff was required to appoint a deputy who shall reside in the Enterprise district. But it is clear that section 6 of the Act approved March 10, 1931 (Loc. Acts 1931, pp. 35, 37) was intended as a substitute for the corresponding section of the act of 1907, and supersedes the same (Edson v. State, 134 Ala. 50, 32 So. 308), and under this latter act the sheriff is required to have an office and keep the same open both at Elba and Enterprise, either in person or by deputy, and shall appoint and have a legal deputy in that division of the county in which he himself does not reside. Such was the measure of the sheriff's duty in this respect at the time of the passage of the act here in question.

The argument that the act is violative of sections 96, 281, 68, and subdivision 24 of section 104 of our state Constitution is rested upon the theory that the provision for such deputy results to the financial advantage of the sheriff, though indirectly, and thereby increases his compensation during his term, citing Vaughan v. State, 212 Ala. 461. 103 So. 38; Jackson v. Sherrod, 207 Ala. 245, 92 So. 481.

We are of the opinion, however, this insistence is answered by the ruling of this court in Commissioners' Court of Winston County v. Haney, 218 Ala. 166, 118 So. 238, denying a writ of certiorari in Commissioners' Court of Winston County v. Haney, 22 Ala. App. 571, 118 So. 237, wherein a local act of Winston county, very similar to that here involved, was sustained as against constitutional objections interposed. The Court of Appeals rested its decision upon the reasoning of this court in State ex rel. Day v. Bowles, 217 Ala. 458, 116 So. 662, to which we think may be properly added the case of State v. Henry, 224 Ala. 224, 139 So. 278, 279.

■ Appellants further argue the act contravenes section 105 of our Constitution as concerning a matter provided for by general law, noting section 10188, Code 1923, and City Bank & Trust Co. v. State, 172 Ala. 197, 55 So. 511. But we think this argument likewise answered by the above-noted authorities, particularly State ex rel. Day v. Bowles, supra, and Commissioners' Court of Winston County v. Haney, 218 Ala. 166, 118 So. 238.

■ Lastly, it is urged that the published notice of the proposed act does not sufficiently state its substance as required by section 106 of our Constitution, in that it fails to disclose the requirement found in the body of the act that the deputy shall reside at Enterprise. The notice stated that the proposed act was to allow the sheriff of Coffee county an additional deputy to that now provided by law, to fix his salary and provide for its payment out of the general funds of the county, and to provide for his duties. The act as passed follows very closely the notice, with the exception of the provision that such deputy shall reside at Enterprise. Speaking to this question, this court in State ex rel. Wilkinson v. Allen, 219 Ala. 590, 123 So. 36, 37, said: "The 'substance' is said to be the essential and material parts and essence of said proposed law, or an abstract or compendium thereof, such as would give the people affected fair information of what the law is. * * * If the details are not published but only the general nature of its substantive features, the public is put upon inquiry as to such details, and bound by a failure to inform itself, continuing through such changes and amendments as may stay within such substantive features as published." See, also, Leonard v. Lyons, 204 Ala. 615, 87 So. 99. We think the notice gave the substance of the proposed law, the general nature of its substantive features, with no effort to give its details, and that the provision as to the residence of the deputy was but a detail with which the general public is presumed to have informed itself from the publication of the notice giving the substantive features of the proposed law.

Our conclusion is that the learned trial court reached the correct conclusion, and the judgment is accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.