EVANS v. LONG, Judge of Probate.

6 Div. 358.

Supreme Court of Alabama.

June 8, 1933.

Rehearing Denied Oct. 12, 1933.

Davis & Curtis, of Jasper, for appellant.

R. A. Cooner, of Jasper, for appellee.

GARDNER, Justice.

Petitioner is chief deputy sheriff of Walker county, and seeks by this proceeding the payment of his salary as fixed by a local law (Loc. Acts 1923, p. 319) at the sum of $1,800 per annum, payable in equal monthly installments out of the county treasury. Such is the entire substance of the local law, and the matter of its constitutional validity lies at the threshold of petitioner's case.

336

The act is here assailed by respondent as violative of section 105 of our present Constitution, and petitioner, expressly waiving any question concerning the formality of its presentment, invites a ruling on the constitutional validity of this local law.

Counsel for petitioner conceives that the question is foreclosed, favorably to the validity of the act, by the cases of Court of County Commissioners v. Lightner, 225 Ala. 22, 141 So. 908; Funderburk v. Oliver, 224 Ala. 301, 140 So. 370; Commissioners' Court of Winston County v. Haney, 218 Ala. 166, 118 So. 238; State ex rel. Day v. Bowles, 217 Ala. 458, 116 So. 662; State v. Henry, 224 Ala. 224, 139 So. 278, with particular reference to the Lightner and Funderburk Cases, supra, which dealt with the office of deputy sheriff.

Aside from the fact that in those cases the effect of the local acts was to create the office of deputy sheriff for those separate divisions of the court (Brandon v. Askew, 172 Ala. 160, 54 So. 605; State v. Henry, supra; State v. Bowles, supra; Board, etc., v. Kayser, 205 Ala. 239, 88 So. 19; Jackson v. Sherrod, 207 Ala. 245, 92 So. 481), there is the controlling point of differentiation of those cases from that here presented, to the effect there was no general law fixing the salaries of deputy sheriffs. But not so as to the office of chief deputy sheriff, which is of statutory creation (Section 10188, Code 1923; Andrews v. State, 78 Ala. 483), with provision made for the salary and its method of payment, all of which more plainly appears from a reading of the statute:

"10188. *Deputies*—In all counties of the State of Alabama which now have not more than two hundred thousand inhabitants according to the last federal census or which may hereafter have such population according to any federal census hereafter taken, in which the sheriff is not on a salary basis under and by virtue of a constitutional amendment, the sheriff of such county must have one chief deputy, and may have as many other deputies as he may think proper, but the coroner of such county shall not be appointed a deputy. Said chief deputy shall be appointed by the sheriff of the county to hold office at the pleasure of the sheriff, and for his services shall receive a salary of such amount as may be fixed by the court of county commissioners, board of revenue or other governing body of the county in which such chief deputy is appointed not less than nine hundred dollars and not more than fifteen hundred dollars, payable in twelve equal monthly installments out of the treasury of the county upon the warrant of the board of revenue or court of county commissioners of such county."

At the time, therefore, of the passage of the local law upon which petitioner rests his case, there was this general law making provision for the salary of the chief deputy to be fixed by the governing body of the county at not less than $900, nor more than $1,500 per annum, payable in twelve equal monthly installments out of the treasury of the county. The local act relates to the same subject-matter, the salary of the chief deputy of Walker county; the only detail change being in the amount as fixed at $1,800, rather than the maximum of $1,500 as provided by the general law.

In principle the case of Acuff v. Weaver, 17 Ala. App. 532, 86 So. 167 (containing response by this court to inquiry by the Court of Appeals), is not distinguishable, and must be here considered as controlling. There the compensation of the judge of the county court for Shelby county under the provisions of the general law was $450 per annum. Under the local act it was fixed at $1,200. The holding was that the subject-matter of the two acts was the same, and, the question of compensation having been provided for by the general law, the local act contravened section 105 of the Constitution, which (so far as here pertinent) prohibits, with the exception of laws fixing the time of holding courts, the enactment of any special, private, or local law which is provided for by a general law. The Acuff Case, supra, cites City of Montgomery v. Reese, 149 Ala. 190, 43 So. 116, which has met with approval in subsequent decisions (State v. Bowles, 217 Ala. 458, 116 So. 662; City Bank & Trust Co. v. State ex rel. Langan, 172 Ala. 197, 55 So. 511; Norwood v. Goldsmith, 168 Ala. 224, 53 So. 84; Dunn v. Dean, 196 Ala. 486, 71 So. 709), and has itself not been qualified or subjected to criticism.

If the Acuff Case, supra, is to be here followed, the result must be a condemnation of the local act of 1923, as violative of section 105 of our Constitution.

Pretermitting all other questions, the denial of the writ may well rest upon the invalidity of the act, upon which petitioner relies for relief.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS, BROWN, FOSTER, and KNIGHT, JJ., concur.

BOULDIN, J., dissents on the authority of the case of Dunn v. Dean, 196 Ala. 486, 71 So. 709.