24 So.2d 665

### WALKER COUNTY v. BARNETT.
#### 6 Div. 422.

Supreme Court of Alabama.

Jan. 24, 1946.

Rehearing Denied Feb. 14, 1946.

Curtis & Maddox, of Jasper, for appellee.

Arthur Fite, of Jasper, for appellant.

LIVINGSTON, Justice.

This appeal is from a decree of the Circuit Court of Walker County, in Equity, rendered upon a bill filed by T. A. Barnett, tax collector of Walker County, for a declaratory judgment, the answer and cross-bill filed by Walker County—all seeking a determination of the constitutional validity of a general act of the legislature approved June 8, 1943, extending to six years the terms of tax collectors of Alabama, and providing for their election in November 1948 (General Acts 1943, page 115, Code 1940, Tit. 41, § 19(2). The pleadings also called for decision as to the validity of a local act of the legislature approved July 9, 1945 (House Bill 624), fixing the term of office of the tax collector for Walker County, Alabama, at four years, and providing for his election in November 1946. The pleadings further called for a determination as to when the local act of the legislature, approved July

420

9, 1945, fixing the salary of the tax collector of Walker County at $4,000, becomes effective, the act providing that beginning with the first elective terms after the passage and approval of the act, the salary of the tax collector for Walker County and his successors in office, shall be $4000 per annum.

For many years prior to 1943, the term of office of the tax collectors in this State was fixed by statute at four years, and by statute filled by election. But we here note that the terms of the then incumbents were extended for a period of two years by a general act of the legislature approved August 22, 1923. See General Acts 1923, p. 198, § 86A. The validity of this extension seems not to have been questioned in this Court.

The appellee, T. A. Barnett, was elected tax collector of Walker County for a term of four years at the general election in November 1942, but the term for which he was elected did not commence until October 1, 1943. The 1943 Legislature passed the following act: ·

"Section 1. That after the expiration of the present term of the present incumbents of the office of tax collector, and beginning on the first day of October, 1943, the term of office of all county tax collectors shall be for a period of six years, and they shall hold office until their successors are elected and qualified.

"Section 2. There shall be elected at the general election in November, 1948, and every six years thereafter a tax collector for each county in the State, who shall perform such duties as are now prescribed by law, or as may hereafter be provided by law, and whose term of office shall be six years from the first day of October next after his election, and until his successor is elected and qualified.

"Section 3. That all laws or parts of laws in conflict herewith are expressly repealed.

"Section 4. This Act shall take effect upon the approval of the Governor."

The constitutionality of the foregoing act is the pivotal question in this case. No case is cited, nor has our search revealed a case in this jurisdiction deciding it. The question is one of first impression in this State.

■ The office of tax collector in this jurisdiction is not a constitutional office.

It is a creature of the legislature, and the power of the. legislature to abolish it is as plenary as the power to create it. State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278.

There is no constitutional requirement that the office of tax collector be filled by election. The requirement that "there shall be elected at the general election in November, 1948, and every six years thereafter, a tax collector for each county in the State * * *" is purely statutory. It is a part of the act here questioned, and the act repeals all laws or parts of laws in conflict with it.

■ The legislative power of the State is absolute with respect to all offices that it creates, where no constitutional restriction is placed upon its power with reference thereto, and the legislature may lengthen the term of such offices as it sees fit. See cases cited in Notes, 97 A.L.R. 1436, subdivision III.

■ We find nothing in the Constitution of this State denying or limiting the power of the legislature to appoint officers to fill the office of tax collector, an office created by the legislature. And it was said in the case of Dorlon v. Blan, State Auditor, 22 Ala.App. 622, 118 So. 682, 683, in respect to the two year extension of the term of the tax collector provided by the 1923 act, above referred to, "In the instant case relator (tax collector) was serving a term created by the Legislature and by virtue of legislative appointment for that term."

■ The general act of 1943 (General Acts 1943, page 115), extending the terms of tax collectors from four to six years, is a valid legislative enactment, and their terms are thereby extended to October 1, 1949.

The Legislature of 1945 enacted the following local law which was approved July 9, 1945:

"Sec. 1. That beginning on October 1, 1947, the term of the tax collector of Walker County, Alabama, shall be for a period of four years and shall hold office until his successor is elected and qualified.

"Sec. 2. There shall be elected at the general election in November, 1946, and every four years thereafter a tax collector for Walker County, Alabama, who shall perform such duties as are now provided by law, or as may hereafter be provided by

law and whose term of office shall be four years from the first day of October next after his election and until his successor is elected and qualified.

"Sec. 3. That all laws and parts of laws in conflict herewith are hereby repealed.

"Sec. 4. This act shall take effect upon approval of the Governor."

Appellee, Barnett, insists that this local act is violative of section 105 of the Constitution of 1901, which reads as follows:

"No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the legislature indirectly enact any such special, private, or local law by the partial repeal of a general law."

Section 105, Constitution, it was held in Brandon v. Askew, 172 Ala. 160, 54 So. 605, 607, was intended "to prohibit the enactment of special, private, or local laws to meet the purposes of particular cases which may be accomplished by proceedings outside of the Legislature under the provisions of general statutes enacted to meet all cases of that general character."

And in Board of Revenue v. Kayser, 205 Ala. 289, 88 So. 19, 20, attention is called to the explanation of section 105 in the constitutional convention as follows: "Now is there any hardship (in) saying to any man, any individual, corporation or association, that if the laws of the state have already provided for your case and you can get everything you could possibly get by appealing to the Legislature, you ought not to consume the public time in trying to get the Legislature to do what has already been done for you. That is all this provision means."

This is illustrated in Norwood v. Goldsmith, 168 Ala. 224, 53 So. 84, when a general law provided for the means by which taxes could be refunded by the commissioners' court. It was held that a local act making a provision for that purpose violated section 105. And in City Council of Montgomery v. Reese, 149 Ala. 188, 43 So. 116, in which the Court dealt with a local act authorizing Montgomery to re-

fund bonded indebtedness whereas provision had been made for that purpose by a general act.

In City Bank & Trust Co. v. State, 172 Ala. 197, 55 So. 511, 513, it was said that the test "is whether the proceeding or action contemplated by the local, private, or special law might have been, in substance and not in respect of detail merely, taken or had under the general law. If so, the local, private, or special act violates the section (105) and is void."

And in Dunn v. Dean, 196 Ala. 486, 71 So. 709, it was held that it is not void when there is no such general law. While in State ex rel. Brandon v. Prince, 199 Ala. 444, 74 So. 939, it was held that a local law providing for a board of revenue, and abolishing the jury commission and changing the method of selecting juries, is not invalid under section 105, supra, because there is a general law providing for the selection and drawing of juries for the several counties, it was observed that the Constitution did not require uniformity of laws on that subject for all the counties. This principle is also noted in Burns v. State, 246 Ala. 135, 19 So.2d 450.

That construction of section 105, supra, is also typified in Evans v. Long, 227 Ala. 335, 149 So. 837, in which a general law made provision for the county commissioners to fix the salary of the chief deputy sheriff in each county. Since such provision was made under a general law conferring such authority on a board outside the legislature, section 105 withdrew from the legislature the power to enact a local law fixing such salary in the county of Walker.

House Bill 624 is not offensive to section 105 of the Constitution of 1901. It is not to be supposed that the case of Acuff v. Weaver, 17 Ala.App. 532, 86 So. 167, put a different construction upon section 105, supra, than do the foregoing authorities.

Our construction of section 105, supra, is consistent with the case of Morgan County v. Edmonson, 238 Ala. 522, 192 So. 274, and State v. Bowles, 217 Ala. 458, 116 So. 662.

We call attention to the fact that Carnley v. Moore, 218 Ala. 274, 118 So. 409, and Court of County Commissioners v. Lightner, 225 Ala. 22, 141 So. 908, were controlled primarily by other constitution-

al provisions, and section 105, supra, did not have controlling influence.

But in Springer v. State, 229 Ala. 339; 157 So. 219, 223, it was held that, as against the right of the then holder of the office of county superintendent of education, with a fixed term, the legislature was powerless by reason of section 175 of the Constitution to oust the incumbent before the expiration of his fixed term. The late Mr. Justice Knight, writing for the Court, said:

"We are of the opinion, and so hold, that so much of the act in question which undertook to abridge the term of Mr. Springer offended section 175 of the Constitution, and was therefore unconstitutional and inoperative, but that this part of the act may be stricken, and the act operative thereafter; that this can be done, and leave the act complete, sensible, and operative within the legislative intent. It is our opinion and conclusion that, upon the expiration of the term of Mr. Springer, Mr. Williams was entitled to the office of county superintendent of education of Lauderdale county, with the right to hold the same until the expiration of the term as provided by law; and that his successor must be elected at the general election in 1936, to assume office at the expiration of Mr. Williams' term; that so much of Mr. Williams' intended term which was included in the term of Mr. Springer must be deducted from his four-year term."

■ The foregoing is decisive to the effect that Barnett's term of six years, and upon which he had entered at the time House Bill 624 was enacted, was and is not abridged by said act. His present term continues to October 1, 1949, although the provisions fixing the term of tax collector for Walker County at four years, and calling for an election in November 1946 to fill the office, is valid.

At the general election in November 1944, the people adopted an amendment to the Constitution, which in pertinent part is as follows:

"The Legislature of Alabama may hereafter from time to time, by general or local laws, fix, regulate and alter the fees, commissions, allowances and salaries, including the method or basis of their compensation, to be charged or received by the tax assessor, tax collector, probate judge, circuit clerk, sheriff, and register of the circuit court, and including the right to place anyone or all of said officers on a salary and provide for fees charged and collected by said officers to be paid into the treasury from which their salaries are paid, and provide for the method and basis of their compensation in Walker County, Alabama. No salary fixed under this amendment shall effect the compensation of any officer already elected to either of said offices during the term for which elected, and said salaries, except for the register shall be fixed at not less than three. hundred and not more than five hundred dollars per month."

The local enabling act reads as follows:

"Section 1. That the salary of the tax collector of Walker County, Alabama, beginning with the first elective term after the passage and approval of this act, and his successors in office, shall be $4,000 per annum and shall be payable in twelve equal monthly installments out of the general fund of Walker County, Alabama, by the treasurer of said county. That all commissions and fees now allowed by law to the said collector shall be collected by him, including his commissions, and by him paid over to the treasurer of Walker County, Alabama, for the use of the general fund of said county.

"Section 2. That the tax collector of Walker County, beginning with the first elective term after the passage of this bill, and his successors in office, shall be entitled to the employment of one clerk for his said office, who shall receive a salary of $1200 per annum, payable in twelve equal monthly installments, out of the general fund of Walker County, Alabama, by the treasurer of said county on a certificate from the collector to the effect that said clerk has served and is entitled to pay therefor.

"Section 3. That all laws in conflict herewith are hereby repealed."

The constitutionality of the foregoing act is not here questioned. The question is: when does it become effective, on October 1, 1947, or on October 1, 1949?

■ What we have already said plainly demonstrates that the first elective term of the tax collector of Walker County after July 9, 1945, begins on October 1, 1949. This is so, although the person to take that office must be elected at the general election in 1946. If the person elected in November 1946 cannot take office until October 1, 1949, and we have held that he

cannot because of section 175 of the Constitution, then the term for which he is elected in 1946 begins in 1949. October 1, 1949, is the time when the act providing for a salary goes into effect.

The decree of the trial court is affirmed in part, and in part reversed and remanded.

Affirmed in part, and in part reversed and remanded.

All the Justices concur.