PER CURIAM.
This is an appeal from an order of the trial court denying plaintiffs’ request for injunctive relief and dismissing plaintiffs’ complaint on the merits.
On July 12, 1985, the Alabama Constables Association and several constables named as class representatives for the constables of Escambia County, St. Clair County, and Mobile County, filed suit seeking declaratory, injunctive, and other relief.
That part of the complaint pertinent to this appeal alleged that Act 84-757, Ala. Acts 1984 (1st Spec. Session), and Acts 85-275, 85-276, 85-526, and 85-712, Ala. Acts 1985 (Regular Session), violated Ala. Const. (1901), Art. VI, Amendment 328, § 6.20(c), and Ala. Const. Art. XVII, § 280, when read together. It also alleged that the same acts violated Ala. Const. Art. IV, § 105.
Act 84-757, Ala.Acts 1984 (now codified at Ala.Code § 36-23-1(b) (Cum.Supp.1985)), provides: “Any county, by local legislation, may abolish the office of constable.” Following the adoption of this act, Local Acts 85-275, 85-276, 85-526, and 85-712, Ala.Acts 1985, were passed. They abolished the office of constable in Clarke, Washington, Escambia, and St. Clair Counties.
Ala. Const. Art. VI, Amendment 328, § 6.20(c), provides:
“Persons elected to the position of constable to assist the courts of the state as provided by law shall be subject to the same restrictions, rights and limitations as are specified in section 280 of the Constitution of 1901, and no law shall prohibit the receipt of fees for the performance of official duties of said position while holding any other elected or appointed office.”
Ala. Const. Art. XVII, § 280, provides in part that no one may hold two offices of profit in Alabama except justices of the peace, constables, notaries public, and commissioners of deeds. Finally, Ala. Const. Art. IV, § 105, provides as follows:
“No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the legislature indirectly enact any such special, private, or local law by the partial repeal of a general law.”
The issues presented for our review are:
(1) Whether the office of constable in Alabama is a constitutional or a statutory office;
(2) Whether the local acts abolishing the constable’s office in certain counties violate the Alabama Constitution, Art. VI, § 105; and
*931 (3) Whether the trial court erred in dismissing counts four and five of the complaint.
The first issue has been resolved by this Court in In re Ingram, 356 So.2d 618 (Ala.1978). There we stated:
“The office of constable is no longer a constitutional creature. Article VI, § 168, of the Alabama Constitution which established the office of constable was repealed by Constitutional Amendment No. 328, ratified on December 27, 1973....
“Nevertheless, the office of constable has not been abolished. It remains as a creation of the Alabama Legislature. Title 54, § 28, Code of Alabama 1940, Recompiled 1958 (§ 36-23-1, Code of Alabama 1975).”
356 So.2d at 620.
The plaintiffs argue, nevertheless, that Art. XVII, § 280, supra, when read together with § 6.20(c) of Amendment 328, supra, bestows constitutional stature on the office of constable. Thus, the office of constable, it is argued, cannot be abolished except through constitutional amendment. We cannot agree.
In In re Ingram, supra, we stated:
“Section 6.20(c) of Amendment No. 328 mentions the position of constable relative to constitutional restrictions on holding two public offices, and their receipt of fees. This section cannot be construed to thereby re-create the office of constable as one constitutional in nature.”
The context in which constables are mentioned in Art. XVII, § 280, supra, lends no support for the argument that the office of constable is a constitutional office. As we held in In re Ingram, supra, the basis for the office of constable is statutory. Ala. Code 1975, §§ 36-23-1, et seq. Accordingly, the legislature can abolish the office of constable. State v. First Nat’l Bank of Montgomery, 253 Ala. 426, 44 So.2d 905 (1950). A constitutional amendment is not necessary to abolish the office of constable, and the fact that constitutional amendments have in fact been adopted to abolish the office in certain counties does not change this conclusion.
The plaintiffs’ second contention is that Acts 85-275, 85-276, 85-526, and 85-712 violate Ala. Const. Art. IV, § 105, supra, because they are local laws in derogation of the general law establishing the office of constable.
In Evans v. Long, 227 Ala. 335, 149 So. 837 (1933), the Court held that a local act providing for the salary of the chief deputy sheriff of Walker County was violative of § 105 of our Constitution, since at the time of its adoption the salary for chief deputies was already fixed by general law. Citing to Acuff v. Weaver, 17 Ala.App. 532, 86 So. 167 (1920), we stated:
“[T]he subject matter of the two acts was the same, and, the question of compensation having been provided for by the general law, the local act contravened section 105 of the Constitution, which (so far as here pertinent) prohibits, with the exception of laws fixing the time of holding courts, the enactment of any special, private, or local law which is provided for by a general law.”
227 Ala. at 336, 149 So. at 837-38.
Opinion of the Justices No. 249, 357 So.2d 648 (Ala.1978), involved a § 105 challenge to a local law providing for an assistant probate judge in one county. We stated that “[wjhether this local law is prohibited by § 105 depends, then, on whether there is a general law providing for the creation of the office of Assistant Judge of Probate.” There was no general law providing for this office, and, therefore, § 105 was not violated.
In the present case, there is a general law, Ala.Code 1975, § 36-23-l(b), which provides that “[a]ny county, by local legislation, may abolish the office of constable.” Pursuant to this general law, four local acts, herein contested, were passed abolishing the office of constable. The general law specifically authorizes the local laws, and, thus, these local acts do not violate *932 § 105 of the Alabama Constitution. Opinion of the Justices No. 249, supra.
We are convinced by the record and the applicable law that the trial court did not err in its judgment. Accordingly, its judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES and STEAGALL, JJ., concur.
JONES and ADAMS, JJ., concur in the result.