COOK, Justice.
The Mobile County Constables Association, Inc., and other defendants, appeal from a declaratory judgment and an injunction entered against them by the Mobile County Circuit Court. We affirm.
On July 29,1993, the Alabama Department of Public Safety; the State of Alabama ex rel. the Alabama Department of Public Safety and Thomas Purvis; Thomas Purvis, individually and in his official capacity as sheriff of Mobile County; and 10 chiefs of municipal police departments, in their official capacities; sued the Mobile County Constables Association, Inc., and, individually, a group of Mobile County constables and one deputy constable. The plaintiffs sought a judgment declaring (1) that the defendants are “not authorized to use or ... display on their ... vehicles any red or blue lights (or any combination thereof) until said ... vehicles have been properly designated as ‘authorized emergency vehicles’ pursuant to the ... Alabama Code”; and (2) that “persons elected to the office of constable in Mobile County have no authority ... to ... deputize any person ... as ‘deputy constable,’ and that all prior ... deputizations_ are null, void, and without force and effect.” The complaint also sought enforcement of the requested declaratory judgment through injunctive relief.
On December 22, 1993, after hearing evidence presented ore terms, the trial court entered an order containing findings of fact and conclusions of law. The material portion of that order is reproduced here:
“The plaintiffs in this action are the Alabama Department of Public Safety, the Chiefs of Police of the incorporated municipalities in Mobile County, the Sheriff of Mobile County, and the State of Alabama ex rel. Alabama Department of Public Safety and Thomas J. Purvis. The defendants are elected constables ([with] the lone exception of defendant Rene J. Strick-lin who admittedly holds himself out as being a ‘deputy constable’) and the Mobile County Constables Association, Inc.
*29 “In their petition, the plaintiffs allege that the persons elected to the office of constable in Mobile County have no authority or power to appoint, nominate, constitute or deputize any person as a ‘deputy constable’; and that the defendants are not authorized to operate privately owned motor vehicles that are equipped with emergency blue lights. The plaintiffs seek the following relief:
“1. Injunctive and declaratory relief prohibiting the defendants from appointing or deputizing any person as a ‘deputy constable’; and
“2. Injunctive and declaratory relief prohibiting the defendants from using, utilizing or otherwise displaying emergency blue lights on their private vehicles until said private vehicles have been properly designated as ‘authorized emergency vehicles’ pursuant to the requirements of Section 82-1-1.1(3) of the Alabama Code.
“The defendants opposed the declaratory and injunctive relief sought by the, plaintiffs, contending that they have implicit authority to appoint persons to act as ‘deputy constables’ and that their vehicles are ‘police vehicles’ that are authorized to be equipped with blue lights under Section 32-5A-115 of the Aabama Code. Aterna-tively, the defendants contend that they must have authority to operate vehicles equipped with blue lights so that they can adequately discharge their duties to enforce the motor vehicle laws, and they also alternatively argue that their vehicles are in fact ‘publicly owned’ because many of them have registered their vehicles in the name of their respective precincts.
“Based upon the pleadings, stipulations of the parties, testimony and evidence of record, and arguments of counsel, the court finds and concludes as follows:
“1. The basis for the office of constable is statutory rather than constitutional. Alabama Constables Association v. Wallace, 491 So.2d 929, 931 (Ala.1986). Since the office of constable is a creation of the legislature, a constable has only those powers and duties conferred by statute. In re Ingram, 356 So.2d 618, 620 (Ala.1978).
“2. There is no statute that authorizes a Mobile County constable to appoint a deputy or to deputize a person as a ‘deputy constable.’ While the legislature of this state has, by adoption of several local acts applicable to other counties, specifically authorized constables in other counties to appoint deputies, the legislature has never enacted any local act applicable to Mobile County that would authorize Mobile County constables to appoint deputies.
“3. The Attorney General has concluded that ‘a constable may appoint a deputy constable only if local legislation exists authorizing the appointment of such a deputy.’ Opinion to Constable J.D. Ponds (No. 83-00331, May 30, 1983). While opinions of the Attorney General do not have the force and effect of law and are only advisory in nature, they are entitled to great weight. Osborne v. Banks, 439 So.2d 695, 698 (Aa.1983).
“4. In an order issued by Judge Brax-ton L. Kittrell of the Mobile County Circuit Court in November 1992, the court concluded as follows:
“ ‘The office of constable is a creation of the legislature, and constables have only the powers and duties conferred upon them by statute. Therefore, a constable may appoint a deputy constable only if legislation exists authorizing the appointment of such deputy, and no such legislation exists which authorizes the appointment of a deputy constable within Mobile County, Aabama.’
“Despite the decision rendered by this court in November 1992, which was made in the context of a class action brought against the Sheriff of Mobile County by and on behalf of all Mobile County constables and their deputies, certain elected constables serving in Mobile County have continued to appoint persons to serve as ‘deputy constables.’
“5. The court finds and concludes that a constable may appoint a deputy only if legislation exists authorizing the appointment of such a deputy, and that no such legislation exists which authorizes the appointment of a deputy constable within Mobile County, Aabama. The plaintiffs *30 are due both injunctive and declaratory relief prohibiting the defendants from appointing or deputizing any person as a ‘deputy constable.’
“6. Only authorized emergency vehicles are permitted to be equipped with emergency lights or sirens. Ala.Code [1975,] § 32-5A-115. No vehicle other than a police vehicle is permitted to use a blue light. Id.
“7. The term ‘authorized emergency vehicle’ is defined by the Alabama Code as follows:
“ ‘Authorized Emergency Vehicle. Such fire department vehicles, police vehicles and ambulances as are publicly owned, and such other publicly or privately owned vehicles as are designated by the director of public safety or the chief of police of an incorporated city.’
“Ala.Code [1975,] § 32-1-1.1(8). Thus, a blue light may be used in a private vehicle only if that vehicle has been designated as an ‘authorized emergency vehicle’ by the director of the Alabama Department of Public Safety or by the chief of police of an incorporated city.
“8. While the defendants may use their vehicles in the performance of their duties as constables, their vehicles are not ‘publicly owned.’ The testimony and evidence of record established that the vehicles in question are not owned by the State of Alabama, the County of Mobile, or any incorporated city. To the contrary, the evidence and testimony of record established that the vehicles in question are privately owned by each constable.
“9. In several opinions, the Attorney General has concluded that a constable may equip a privately owned vehicle with blue lights only if that vehicle has been designated as an ‘authorized emergency vehicle’ by the director of the Alabama Department of Public Safety or by the chief of police of an incorporated city. Opinion to [the] Honorable M.A Lee, (No. 75-344, August 15,1975); Opinion to [the] Honorable W.Y. Vaughn, (No. 87-221, June 23, 1987); Opinion to [the] Honorable Thomas J. Purvis, (No. 88-451, September 20,1988); Opinion to [the] Honorable Edmund M. Sexton, Sr. 222 Ala.Op. Atty.Gen. 46 (March 20,1991).
“10. While the evidence and testimony of record indicates that several constables have registered their vehicles to their precinct, and while one constable testified that he changed the registration of his vehicle from being in his own name to being in the name of his precinct after having been advised of the opinions of the Attorney General on this subject, the court is of the opinion that the vehicles used by constables in Mobile County are privately owned vehicles.
“11. Based upon the evidence and testimony of record, as well as the stipulations of the parties, the court finds and concludes that none of the defendants are or have been authorized to operate privately owned vehicles that are equipped with emergency blue lights by the Department of Public Safety or by any chief of police of an incorporated municipality.
“12. While the court understands the argument of the defendants that they need to use blue lights on their vehicles in order to carry out their statutory duty to enforce the motor vehicle laws of this state, the court is constrained to apply the laws of this state as enacted by the legislature and must conclude that the defendants are not authorized to operate privately owned vehicles that are equipped with blue lights. The remedy for this apparently anomalous situation lies with the legislature and not the courts.
“13. Based upon the evidence and testimony of record, the court concludes that the plaintiffs are entitled to both injunctive and declaratory relief prohibiting the defendants from using, utilizing or otherwise displaying blue lights on their private vehicles until said vehicles have been properly designated as ‘authorized emergency vehicles’ pursuant to the requirements of § 32-1 — 1.1(3) of the Alabama Code.
“Based upon the foregoing, the court is of the opinion that the plaintiffs are entitled to the declaratory relief sought in their petition, and accordingly it is ORDERED, ADJUDGED and DECREED as follows:
*31 “1. That the persons elected to the office of constable in Mobile County have no authority or power to appoint, nominate, constitute or deputize any person or persons as ‘deputy constables’; and
“2. That all prior appointments or de-putizations of any person or persons as ‘deputy constables’ are null, void, and without force and effect; and
“3. That the persons elected to the office of constable in Mobile County are not authorized to use or otherwise display on their private vehicles any red or blue lights (or any combination thereof) until said private vehicles have been properly designated as ‘authorized emergency vehicles’ pursuant to the requirements of the Alabama Code.
“Based upon the foregoing, the court is of the opinion that plaintiffs are entitled to the injunctive relief sought in their petition, and it is, therefore, ORDERED, ADJUDGED and DECREED as follows:
“1. that the defendants be, and they hereby are, permanently enjoined and restrained from appointing, nominating, constituting or otherwise deputizing any person or persons as ‘deputy constables’; and
“2. that the Defendant Rene J. Strick-lin, is due to be, and he hereby is, permanently enjoined and restrained from holding himself out as being a ‘deputy constable’; and from taking any action calculated to represent to the general public that he is a ‘deputy constable’; and
“3. That the defendants are due to be, and they hereby are, permanently enjoined and restrained from using, utilizing or otherwise displaying on their private vehicles any red or blue lights (or any combination thereof) until said vehicles have been properly designated as ‘authorized emergency vehicles’ pursuant to § 32-1-1.1(3), [Ala. Code 1975]; and
“4. That the defendant Rene J. Strick-lin is due to be, and he hereby is, permanently enjoined and restrained from using, utilizing or otherwise displaying on his vehicle or any vehicle operated by him any red or blue lights (or any combination thereof).”
We agree with the holdings and rationale contained in the trial court’s well-reasoned opinion. We adopt it as part of the opinion of this Court. The judgment of the trial court is, therefore, affirmed.
AFFIRMED.
MADDOX, SHORES, HOUSTON, INGRAM, and BUTTS, JJ., concur.
KENNEDY, J., concurs in the result.