SHORES, Justice.
This action was brought to test the constitutionality of Act No. 936, 1975 Regular Session of the Alabama Legislature, page 1955, approved October 8, 1975. The trial court granted the defendants’ motion for summary judgment and the plaintiff appealed.
Act No. 936 is an act of local application and provides for the creation of a license commissioner in Houston County and the abolition of the office of license inspector. Title 51, § 835, Code, is a general law and establishes the office of license inspector for each of the counties within the state. Act No. 936 abolishes that office in Houston County and replaces it with the office of license inspector. The plaintiff contends that, since the act is a local law, it is repugnant to Section 105 of the Constitution of Alabama 1901, which provides:
“No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the legislature indirectly enact any such special, private, or local law by the partial repeal of a general law.”
This court has construed this section of the Constitution on several occasions. Its purpose has been stated as follows:
“. . . this provision of the Constitution was intended to prohibit the enactment of special,'private, or local laws to meet the purposes of particular cases which may be accomplished by proceedings outside of the Legislature under the provisions of general statutes enacted to meet all cases of their general character. . ” Dunn v. Dean, 196 Ala. 486, 495, 71 So. 709, 714 (1916).
To the same effect are Hall v. Underwood, 258 Ala. 392, 63 So.2d 683 (1953), and City Council of Montgomery v. Reese, 149 Ala. 188, 43 So. 116 (1906).
Section 105 has not been held, however, to prohibit local legislation merely because the general law deals with the same subject matter. In State v. Steele, 263 Ala. 16, 19, 81 So.2d 542 (1955), this court said:
“We have so many cases on the subject we shall not attempt to review each of them. The case of Standard Oil Co. v. Limestone County, 220 Ala. 231, 124 So. 523, 526, contains a statement whose essence seems to extend through all the eases, variously expressed, that: ‘It is fully settled that this section does not forbid local legislation on subjects not prohibited by section 104, merely because a general law deals with the same matter. If, in the judgment of the Legislature, local needs demand additional or supplemental laws substantially different from the general law, the Legislature has power to so enact.’ . .
*756 The question is whether the local act and the general act contain substantive differences, not in detail merely. City Bank and Trust Co. v. The State, 172 Ala. 197, 55 So. 511 (1911).
Under Title 51, § 835, Code, a license inspector is established for each county. He is paid a salary by warrant of the Alabama State Comptroller and compensated for service of citations and for making arrests. Two-thirds of the costs and penalties collected by the license inspector are paid to the State Treasury and one-third is remitted to the respective county. Under Act No. 936, the license commissioner of Houston County is paid a salary from the general fund of Houston County; and all penalties collected by the commissioner are returned to the general fund of the county.
Additionally, the method of selecting the officers is different under the two enactments. The license inspector created by Title 51, § 835, is selected by appointment. Except for the initial appointment, Act No. 936 provides that the license commissioner of Houston County will be selected by general election in the county, every four years.
We believe these divergencies amount to substantive differences in the two statutes.
We cannot now depart from settled construction of Section 105 of the Constitution. When it is applied to this case, it means that since local Act No. 936 is materially different from the general statute, Title 51, § 835, in the manner of providing for a licensing officer for Houston County, it is not violative of Section 105. As has often been said, when, in the judgment of the legislature, local needs demand additional or supplemental laws substantially different from the general law, the legislature has the power and authority to enact them. Van Sandt v. Bell, 260 Ala. 556, 71 So.2d 529 (1954).
The judgment appealed from is, therefore, affirmed.
AFFIRMED.
All the Justices concur.